**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| ASTIN HILL, | )<br>) |
|    Plaintiff, | )<br>) |
| | )   No. 3:19-cv-00613 |
| DEMARIO ARMSTRONG, | )<br>)   Judge Trauger |
|    Plaintiff, | )<br>) |
| v. | )<br>) |
| BETH GENTRY, *et al.*, | )<br>) |
|    Defendants. | ) |

**MEMORANDUM**

Plaintiff Astin Hill,[1] an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Beth Gentry and Chief Brown.[2] (Doc. No. 1).

Subsequent to filing the complaint, Plaintiff Hill submitted a supplemental pleading (Doc. No. 5) and a document entitled "Additional Constitutional Rights." (Doc. No. 7). The court will screen the original complaint, as informed by these supplemental pleadings, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or

---

[1] It appears that the plaintiff wished to name Chief Brown of the Davidson County Sheriff's Office as a defendant, not Chef Brown.
[2] Initially, Plaintiff co-filed this action with another inmate, Demario Armstrong. Because Armstrong failed to comply with the court's prior order and failed to prosecute this action, the court dismisses his claims in the accompanying order.

1

seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## IV. Alleged Facts

The complaint alleges that the defendants have "discriminated and retaliated against" the plaintiff. (Doc. No. 1 at 5). Specifically, the complaint alleges that "the people who do the disciplinary hearing disposition messed up our lock down time and Mrs. Beth Gentry is refusing [sic] to let out of seg after we serve our lock down time." (*Id.*) According to the complaint, the plaintiff has "seen the review broad [sic] twice", and the defendants "still won't let us go back to population." (*Id.*) The plaintiff believes that the defendants' conduct violates the Eighth Amendment to the United States Constitution and the double jeopardy clause. (*Id.*)

## V. Analysis

### A. Retaliation

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). To establish a prima facie case of retaliation within the context of Section 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the defendant's conduct was substantially motivated at least in part by retaliation for the plaintiff's protected speech and conduct. *Id.* at 394-99. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than *de minimis* harm resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X,* 175 F.3d at 396. The plaintiff has the burden of proof on all three elements. *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003).

While the plaintiff contends that he was subjected to acts of retaliation—that the defendants "messed up [his] lock down time" and refused to let him out of segregation− the plaintiff does not

provide any further information pertaining to the alleged acts of retaliation. For example, the complaint fails to allege that the defendants' conduct was substantially motivated, at least in part, by retaliation for the plaintiff's protected speech and content. *Thaddeus-X*, 175 F.3d 378, 394-99. Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), a court's "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted); *see also Johnson v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). The court therefore finds that the complaint's conclusory allegations of retaliation with no concrete and particularized facts fail to state retaliation claims under Section 1983 upon which relief can be granted. As a result, the plaintiff's retaliation claims against both defendants must be dismissed.

### B. Discrimination

Although the complaint generally alleges that the defendants discriminated against the plaintiff, the complaint does not state on what basis the defendants discriminated against the plaintiff, such as race or disability. The complaint does not include any specific allegations as to what the defendants did or did not do and what led the plaintiff to believe their actions were because of a discriminatory motive. As discussed above, the court is not required to create the

plaintiff's claims for him, even if he is proceeding pro se. *See Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."). Consequently, the court finds that the complaint fails to allege a discrimination claim under Section 1983, and the plaintiff's discrimination claims against both defendants must be dismissed.

### C. Disciplinary Hearing

Next, the complaint alleges federal due process claims in connection with the plaintiff's disciplinary proceedings. The plaintiff also believes that he is experiencing "double jeopardy" because he has "already serve[d] [his] segregation time and they're still keeping [him]." (Doc. No. 5 at 1). The plaintiff states that this is his first time to be disciplined at this facility and he should have been released from segregation on July 31, 2019. (*Id.*)

"[P]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. at 411, 480 (1972)). Inmates enjoy a narrow set of due process rights when prison authorities institute disciplinary proceedings. *See Cleavinger v. Saxner*, 474 U.S. 193 (1985) (disciplinary board members protected by qualified immunity); *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985) (disciplinary findings satisfy due process if supported by any evidence, however meager); *Ponte v. Real*, 471 U.S. 491, 495–99 (1985) (disciplinary board need not make contemporaneous record of reasons live witnesses for

5

inmate not allowed); *Baxter v. Palmigiano*, 425 U.S. 308, 319–323 (1976) (disciplinary board may draw adverse inference from inmate's silence; inmate has no right to cross-examination); *Wolff*, 418 U.S. 539, 564–71 (defining scope of due process application to prison disciplinary hearings); *Wolfel v. Morris*, 972 F.2d 712 (6th Cir.1992).

In *Wolff v. McDonnell*, the Supreme Court held that, when a prisoner is charged with a disciplinary offense that may result in loss of good time credit, due process requires (i) written notice of the charges at least twenty-four hours prior to the hearing; (ii) the opportunity to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals[;]" and (iii) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action. 418 U.S. 539, 563–64, 566. These protections are required only when a liberty interest is at stake. *See, e.g., Sandin*, 515 U.S. at 484, 486–87. "A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *McMillan v. Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005) (quoting *Sandin*, 515 U.S. at 484).

Here, the plaintiff alleges that, while he is in segregation, he only is allowed to make one fifteen-minute telephone call during a one-hour window each day. (Doc. No. 5 at 2). He believes that he is not being treated fairly. (*Id*.) Yet, confinement in segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 467-73 (1983). Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010). Generally, courts will consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden–Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008).

6

With regard to the nature of the plaintiff's stay in segregation, there are no allegations in the complaint concerning the conditions the plaintiff faces in segregation other than that the plaintiff is only permitted to make one fifteen-minute telephone call each day during a one-hour window. The plaintiff does not claim that he was denied adequate food, clothing, shelter, recreation, or medical care while in segregation. Neither has he alleged any injury or harm as a result of the conditions of segregation, other than he is "unable to use the phone like [he] need[s]" (Doc. No. 5 at 2) and "therefore [his] mind is at lost" (Doc. No. 1 at 6). *See Moore v. Merchant*, No. 5:13CV-P81-R, 2013 WL 6590395, at *4 (W.D. Ky. Dec. 16, 2013) (finding that, "[i]n any event, Merchant does not allege that he was subjected to any physical injury as a result of the actual conditions in the segregated housing unit, and 42 U.S.C. § 1997e(e) precludes any claim by a prisoner 'for mental or emotional injury suffered while in custody without a prior showing of physical injury.'").

With regard to the duration of the plaintiff's confinement in segregation, the Supreme Court concluded in *Sandin* that the segregation at issue in that case (disciplinary segregation for 30 days) did not impose an atypical and significant hardship. 515 U.S. at 484. Similarly, the Sixth Circuit has held that placement in segregation for a relatively short period of time does not require the protections of due process. *Rimmer-Bey*, 62 F.3d at 790-91; *see Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (61 days in segregation is not atypical and significant). The Sixth Circuit also has held, in specific circumstances, that confinement in segregation for a relatively long period of time does not implicate a liberty interest. *See, e.g., Jones*, 155 F.3d at 812-23 (two years of segregation while the inmate was investigated for the murder of a prison guard in a riot); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997) (one year of segregation following convictions for possession of illegal contraband and assault, including a 117-day delay in reclassification due to prison

crowding). *But cf. Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicates a liberty interest); *Harden-Bey*, 524 F.3d at 795 (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, *i.e.*, three years without an explanation from prison officials, implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest).

Based on the cases cited above, the court finds that the plaintiff's segregation under the conditions described in the complaint do not constitute "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87; *see Williams v. Wilkinson*, 51 Fed. App'x 553, 557 (6th Cir. 2002) (where, as punishment for the drug test that prison authorities allege plaintiff failed, plaintiff received a suspended fifteen-day sentence in disciplinary segregation, he lost a promised reduction in his security classification, was denied a furlough, and had to participate in a substance abuse program that interfered with his ability to earn money at his prison employment, court held that none of these punitive measures qualifies as a "significant and atypical hardship."). The plaintiff's due process claims therefore will be dismissed.

To the extent the plaintiff insists that he has the right to prove his innocence, the disciplinary infraction about which the plaintiff complains is not the equivalent of a state or federal criminal charge against him. "The constitutional adequacy of these [prison disciplinary] proceedings is not to be measured by the requirements of a criminal prosecution, for the full panoply of procedural due process rights do not apply to the administration of prison discipline." *Brooks v. Westbrooks,* No. 3:17-cv-00686, 2017 WL 3868275, at *3 (M.D. Tenn. Sept. 5, 2017) (quoting *Crafton v. Luttrell*, 378 F. Supp. 521, 526 (M.D. Tenn. 1973) (citations omitted)).

## V. Conclusion

Having screened the complaint pursuant to the PLRA, the court finds that the plaintiff's allegations fail to state claims under Section 1983 upon which relief can be granted. This complaint will be dismissed. 28 U.S.C. § 1915A.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge